# Order

Michigan Supreme Court
Lansing, Michigan

May 29, 2020

159093

SAMUEL JEROME,
            Plaintiff-Appellant,

v

MICHAEL CRUM and CITY OF BERKLEY,
            Defendants-Appellees.

_____/

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

SC: 159093
COA: 335328
Oakland CC: 2015-148401-CZ

On March 5, 2020, the Court heard oral argument on the application for leave to appeal the December 27, 2018 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we AFFIRM the judgment of the Court of Appeals.

Plaintiff, Samuel Jerome, brought a tort action against defendants, Lieutenant Michael Crum and the city of Berkley. Relevant to this appeal, Mr. Jerome's action advanced a claim for gross negligence. Defendants sought summary disposition based upon both collateral estoppel and Mr. Jerome's having failed to advance evidence permitting a reasonable jury to conclude that Lieutenant Crum constituted the proximate cause of Mr. Jerome's arrest and imprisonment. The trial court granted summary disposition based upon Lieutenant Crum's collateral-estoppel argument and Mr. Jerome appealed. In the Court of Appeals, defendants renewed both arguments in support of summary disposition. The Court of Appeals affirmed the trial court's grant of summary disposition. First, the Court of Appeals agreed with the trial court's collateral-estoppel analysis. *Jerome v Crum*, unpublished per curiam opinion of the Court of Appeals, issued December 27, 2018 (Docket No. 335328), pp 7-8. Second, as an alternative ground for affirming the grant of summary disposition, the Court of Appeals stated:

> *Moreover, assuming that collateral estoppel was not applicable . . . , summary disposition would be appropriate under MCR 2.116(C)(10) for lack of a genuine issue of material fact.* For the reasons already outlined above, there is no evidence to show that Crum's failure to turn over the video recording of the August interview was a cause, let alone the proximate cause, of plaintiff's continued prosecution or imprisonment. Any suggestion that the prosecution would have dropped the case against plaintiff sooner if it had been aware of the tape earlier is to engage in impermissible speculation. Any reliance on the prosecution's ultimate decision to decline pursuing the case after the mistrial is misplaced because there is nothing in the record to show that the prosecution's decision was

based on the existence of the videotape.  Indeed, there are a host of possible reasons not related to the late production of the videotape why the prosecution could have decided to forgo a second trial, including that the witnesses perhaps testified in an unexpected way at the first trial or that the complainant perhaps simply decided that she was not going to testify or cooperate any more after having already been subjected to several interviews and having already testified in court twice.  Hence, plaintiff cannot maintain his claim of gross negligence, and summary disposition is properly entered in favor of defendant.  *Thus, assuming the trial court erred when it granted summary disposition on plaintiff's gross negligence claim on the basis of collateral estoppel, we nonetheless affirm because summary disposition was warranted under MCR 2.116(C)(10).*  [*Id.* at 8 (emphasis added) (citation omitted).]

Thus, independent and alternative grounds supported the Court of Appeals' affirmance of the trial court's grant of summary judgment.

In his application for leave to appeal in this Court, Mr. Jerome challenges the Court of Appeals' conclusion that collateral estoppel barred his claim.  Mr. Jerome, however, failed to present as an issue for review whether the Court of Appeals also erred in reaching its alternative holding that he failed to advance evidence to support the causation element of his gross-negligence claim.  And neither Mr. Jerome's application for leave to appeal nor his supplemental brief following this Court's order scheduling oral argument on his application can fairly be read as challenging that aspect of the Court of Appeals' basis for affirming the grant of summary disposition.  Accordingly, even if we were to conclude that collateral estoppel did not bar Mr. Jerome's claim, he has failed to place the Court of Appeals' alternative and independent ground for affirming the trial court's grant of summary disposition before this Court.  Therefore, we find it unnecessary to reach the merits of the collateral-estoppel issue and AFFIRM the judgment of the Court of Appeals.

CAVANAGH, J. (*concurring*).

I concur in the order affirming the judgment of the Court of Appeals but write separately because I believe that summary disposition of plaintiff's gross-negligence claim was proper on the ground that plaintiff failed to raise a genuine issue of material fact as to causation.

Plaintiff filed actions in both state and federal court against the city of Berkley and Lieutenant Michael Crum, the police officer who had criminally investigated plaintiff for the alleged sexual abuse of plaintiff's step-daughter, AK.  The investigation resulted in criminal charges that were later dropped.  Plaintiff's complaint in state court alleged unlawful arrest, false imprisonment, malicious prosecution, and gross negligence.  The state district court determined that probable cause existed to bind plaintiff over on charges based on the testimony of the victim alone and did not consider any statements or testimony of Lieutenant Crum.  Further, the federal district and appellate courts

determined that any omissions or inconsistent statements by Lieutenant Crum, and his failure to disclose a videotape of an interview with AK, were not material to the existence of probable cause. *Jerome v Crum*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued August 25, 2016 (Case No. 15-12302); 2016 WL 4475010, p *4 ("Any inconsistencies between [AK's] accounts of the alleged abuse were known to the prosecutor and defense attorney as of the time of the preliminary exam, yet the judge found probable cause based upon [AK's] testimony. If the August 21 video had been available at the preliminary exam, Plaintiff cannot show that it would have changed the judge's finding of probable cause."); *Jerome v Crum*, 695 F Appx 935, 942 (CA 6, 2017) ("[Plaintiff] cannot show that Crum's omission of the details of the August 21 interview was material to or strengthened the case against him because A.K. stated the same version of events in the preliminary examination that she did in the August 21 interview."). Finally, the transcript of the criminal proceedings indicates that the mistrial was granted because the late disclosure of the videotape jeopardized plaintiff's right to a fair trial, not because the disclosure of the videotape obviated probable cause.

Given this factual record, there is no dispute that probable cause to continue the prosecution and incarceration of plaintiff existed up to and including the time that the mistrial was granted. While, conceivably, a claim for gross negligence could be sustained even where probable cause supports an arrest, prosecution, and continued incarceration, plaintiff failed to produce any evidence that his prosecution and incarceration would not have continued but for the actions of Crum. Under these facts, I agree with the Court of Appeals that plaintiff failed to raise a genuine issue of material fact as to causation and that summary disposition of plaintiff's gross-negligence claim was proper under MCR 2.116(C)(10).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 29, 2020

Clerk

t0527